[No. 3595.    Aug. 2, 1930.]

LOS ALAMOS RANCH SCHOOL, SANDOVAL COUNTY v. STATE.

[290 Pac. 1019.]

M. A. Otero, Jr., Atty. Gen., and J. W. Chapman, Asst. Sp. Tax Atty., of Santa Fe, for the State.

J. O. Seth, of Santa Fe, and Summers Burkhart, of Albuquerque, for appellee.

## OPINION OF THE COURT

BICKLEY, C. J.

Appellee listed certain property with the assessor of Sandoval county, but claimed that said property was used only for educational purposes and was exempt from taxation under section 3 of article 8 of the Constitution. After the board of county commissioners and the state tax commission had denied its claim of exemption, one-half of the taxes thereon for 1929 was paid under protest.

Thereafter, appellee filed a petition for refund of the taxes so paid. The judgment recites appearances of petitioner by its attorney, and of the assistant district attorney, the hearing of evidence, the finding of the issue in favor of petitioner, and the conclusion of law that the property was illegally and erroneously assessed for taxation because of said constitutional exemption, and ordered the treasurer of Sandoval county to refund to petitioner the sums it had paid under protest.

It is apparent that the proceeding was had under the legislative authority of section 141—404, 1929 Comp.

Thereafter, the state, by its Attorney General and by the Assistant Special Tax Attorney, for the state tax commission, filed a motion to vacate the judgment. The motion was denied and the state forthwith appealed to this court.

Appellee moves to dismiss the appeal upon the ground that the order denying the motion to vacate is not appealable.

An examination of the statute cited, supra, convinces us that the special statutory proceeding therein provided is not a "civil action" contemplated by the Appellate Procedure Act or the Rules of the Supreme Court. We hold also that the clause of section 2 of said act (Laws

1917, c. 43) authorizing appeals from "final orders affecting a substantial right made after the entry of final judgment" refers to such final orders as are made after final judgment in a "civil action."

■ The right of appeal to the Supreme Court is a creature of constitutional or statutory authority, in the absence of which, such right does not exist. Jordan v. Jordan, 29 N. M. 95, 218 P. 1035; Cook v. Mills Ranch-Resort Co., 31 N. M. 514, 247 P. 826.

Perhaps the right of appeal from the judgment in such a proceeding under consideration formerly existed by virtue of section 436, chapter 133, Laws 1921, but that section was repealed by section 22, chapter 114, Laws 1929. The fact that the Legislature authorized the appeal originally is legislative expression in support of the view we announce that the proceeding is not a "civil action"; the fact that the section providing for appeal was repealed evinces a legislative intent that there should be none.

■ We do not agree with contention of counsel for appellant that section 141—308, 1929 Comp., authorizes an appeal from the judgment in the proceeding now under consideration. That section perhaps authorizes an appeal from a decision or final order of the district court, upon a petition of complaint filed by virtue of sections 141—306, 141—307, 1929 Comp., which authorizes another proceeding probably special in its character. This proceeding is essentially distinct from the one under consideration. Under section 141—404, the petition is presented to the district court by the taxpayer having paid the taxes under protest. The district attorney, upon notice, becomes the adversary of the taxpayer, and must represent the taxing authorities. The petition, to be availing, must be presented within six months after the taxes are paid under protest. Under sections 141—306 and 141—307, the taxpayer feeling aggrieved must in the first instance submit his complaint to the district attorney. If the district attorney is satisfied that an injustice has been done the complaining taxpayer, he is authorized to file the complaint for action by the district court. The adversary, if any, of the taxpayer, in this proceeding, is the state tax commission. There is no time specified within which the complaint must

be submitted to the district attorney or to the court. Again in the original act, chapter 133, Laws 1921, these two proceedings each probably provided for appeals to the Supreme Court from the judgments and decisions of the district court. The provisions for appeal, however, were unlike, which further indicates that the two proceedings were regarded by the Legislature as distinct. So we conclude that no appeal is authorized from the judgment of the court in proceedings authorized by section 141—404, 1929 Comp.

There is a conflict of authority as to whether an appeal will lie from a judgment or order refusing to set aside or vacate an appealable order or judgment. But it is well settled that an order refusing to vacate a non-appealable order is not appealable. See 3 C. J. Appeal & Error, § 356.

We think that the contention of appellant that the motion to vacate, filed in a special proceeding, is equivalent to a "civil action" having the dignity of an independent suit in equity, is without merit.

The motion to dismiss the appeal must be sustained, and it is so ordered.

PARKER and SIMMS, JJ., concur.

WATSON and CATRON, JJ., did not participate.