52 P.(2d) 126

**BOARD OF COUNTY COM'RS OF SIERRA COUNTY et al. v. ATCHISON, T. & S. F. RY. CO.**

No. 4076.

Supreme Court of New Mexico.

Dec. 2, 1935.

Rehearing Denied Dec. 13, 1935.

Edward D. Tittmann, of Hillsboro, for appellants.

W. C. Reid, of Albuquerque, for appellee.

BRICE, Justice.

This is an appeal from a judgment for $260.41 (representing that amount of taxes paid under protest), in favor of the appellee and against the appellant entered in a proceeding brought by appellee to recover such money under section 141-404 N. M. Comp. Sts. Ann. 1929, as amended by Chapter 143 of the New Mexico Session Laws of 1933, wherein it is provided: "Taxes paid voluntarily to any officer authorized to collect the same shall not be refunded or rebated in any instance. Where any person shall pay any tax, pen-

alty, interest, or costs under protest, claiming the same to be erroneously or illegally charged, he may present his claim to the district court by petition, and it shall be the duty of the district attorney, upon notice, to appear in response to such petition without the necessity of the issuing or service of any process, and the court shall hear and determine the matter and enter such judgment as the facts may require. Taxes paid under protest shall, by the treasurer, be held in a suspense fund until legal proceedings for the determination of the right thereto shall have been concluded, at which time they shall be disposed of in accordance with the final judgment in such proceedings: Provided, that in case no legal proceedings shall be effectively begun within sixty days from the date of the payment thereof, such moneys shall thereupon be funded and distributed as other taxes, and shall thereafter not be subject to repayment."

This act is an amendment to section 141-404 Comp. Sts. Ann. 1929; the only difference being that the original act allowed six months in which to begin legal proceedings whereas the amendment allows 60 days.

It was held by this court in Los Alamos Ranch School, Sandoval County v. State, 35 N.M. 122, 290 P. 1019, that a proceeding authorized by this act is not a civil action in contemplation of our Appellate Procedure Act (Comp. St. 1929, §§ 105-2501 to 105-2534) or Rule 2 of the Supreme Court, and that as no authority was given by the act or otherwise to appeal from an order refusing to vacate a judgment rendered in proceedings authorized by the act, that no such right existed.

No appeal is authorized in this case from a judgment in such proceeding for the reasons stated in the opinion in the case cited.

It is ordered that the appeal be dismissed at appellant's cost.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.