The county of Socorro became the owner of 216,000 acres of land known as Sevilleta de la Joya Grant, situated in that county, through purchase at a sale for delinquent taxes under statutory proceedings in August, 1928. Thereafter, on the 6th day of September, 1934, the state tax commission filed a petition in the district court of Socorro county, praying for an order for the sale of said property by the county, as provided by section 141-452, N.M.St. 1929, for not less than $75,000. This statute provides in substance that whenever any property which has been bought by the county at any tax sale, or any tax sale certificate held by the county, cannot be sold for the full amount of delinquent taxes assessed against the land, that the state tax commission may file a petition in the district court stating, among other requirements, an estimate of the maximum amount that could be realized by the sale of such property. That notice of such proceeding be served on the record owner of the property and others interested, at least ten days before the date of hearing. That the board of county commissioners, the district attorney, the Attorney General, or any person interested, may intervene in such proceedings; and further as follows:
"If upon such hearing, the court shall be satisfied that the public interest requires that said property shall be sold, or the taxes be settled, for a sum less than the total amount of taxes, penalties, interest and costs assessed thereon, a decree may be entered authorizing the county treasurer to sell said property in such manner as prescribed by the court, or to settle said delinquent taxes, for a sum not less than the minimum sum specified in such decree."
Provision is made that the county treasurer shall execute and deliver to the purchaser a deed which shall convey a fee-simple title. Taxes against this property amounted to some $137,000, exclusive of interest.
Upon hearing on the petition on February 21, 1935, an order was entered by the district court, authorizing the county treasurer of Socorro County to sell the property in the manner provided by law for not less than $75,000. Pursuant to this order, the county treasurer of Socorro county advertised the property to be sold on the 29th day of May, 1936; at which *Page 307 
time he sold it to Thomas D. Campbell for $76,750, which was the only bid made therefor.
Thereafter, on the 29th day of May, 1936, there was filed in the same cause a report of the sale; but before the report was approved by the court, and on the 18th day of June, 1936, an "Amended Protest and Motion" to set aside the sale was filed by the appellants herein, prayer of which is "that the sale under consideration be rejected."
An order was entered on the 19th day of November, 1936, after a hearing in which it was ordered "that said protest and motion be and the same are hereby overruled." Thereafter, on the 29th day of November, 1936, the district court of Socorro county entered its order confirming the sale; and on the same day entered an order allowing appeal from the order overruling appellants' motion and protest.
A motion to dismiss this appeal has been filed upon the ground that this court is without jurisdiction to hear it. By stipulation of parties and our consent, the motion and hearing on the merits have been consolidated for all purposes.
The proceedings providing for the sale of property and tax sale certificates by section 141-452, St. 1929, is special, and no provision is made by law for appeals from judgments entered in such proceedings that would apply to this case. We have often decided that we have no jurisdiction to hear such appeals. Jordan v. Jordan, 29 N.M. 95, 218 P. 1035; Cook v. Mills Ranch-Resort Co. et al., 31 N.M. 514, 247 P. 826; Jackling v. State Tax Comm.,40 N.M. 241, 58 P.2d 1167; Board of County Com'rs v. Atchison, Topeka Santa Fe Ry. Co., 40 N.M. 6, 52 P.2d 126; Los Alamos Ranch School v. State, 35 N.M. 122, 290 P. 1019.
The pleading filed by appellant entitled "Protest and Motion to Set Aside Sale" recites that appellants as owners of "Moieties and as taxpayers of the County of Socorro, intervene and protest and object to the sale," etc. of the land in question, upon a number of grounds set out in the motion; the principal one being that the sale was void for the reason that the district court was without jurisdiction to order the sale, in that section 141-452, St. 1929, supra, was repealed in 1927. The prayer is "for all of which reasons these interveners and protestants pray the court that the sale under consideration be rejected and avoided."
The parties and the court treated this document as a motion filed by interveners; and a formal order overruling it was entered. But treated as a plea to the jurisdiction of the court, which in effect it was, still the appeal is from the judgment confirming the sale. The recent act of the Legislature authorizing appeals from judgments of the district court in special statutory proceedings does not apply here for constitutional reasons. Section 34 of article 4, N.M. Const.
The parties suggest that it is to the public interest that we pass upon the jurisdictional *Page 308 
question raised, a fact that we fully appreciate; but any decision of the question in this proceeding would be without authority. The question can be decided by us only upon an appeal from a judgment entered in a cause or proceeding in which the law provides an appeal may be prosecuted. State v. Chacon, 19 N.M. 456, 145 P. 125; In re Morrow's Will, 41 N.M. 117, 64 P.2d 1300.
This court, being without jurisdiction to hear the appeal, the motion to dismiss is sustained.
It is so ordered.
HUDSPETH, C.J., and SADLER and ZINN, JJ., concur.
BICKLEY, J., did not participate.