**Robert L. NICOLAI, Plaintiff-Appellant,**

v.

**FAILLE-TALAYNA PIZZA, INC.,
Defendant-Respondent.**

**No. 46068.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 5, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied Sept. 1, 1983.

Application to Transfer Denied
Oct. 18, 1983.

Robert L. Nicolai, pro se.

Barry S. Ginsberg, St. Louis, for defendant-respondent.

KAROHL, Judge.

Pro se plaintiff-Nicolai appeals order of associate circuit judge quashing execution and garnishment entered after garnishment proceeds were paid to the clerk and paid-out to the plaintiff. Defendant-respondent Faille-Talayna Pizza, Inc. filed a motion to dismiss the appeal pursuant to Rule 84.09 questioning this court's jurisdiction in an appeal from a judgment of an associate court in a court tried case, citing § 512.-180.2 RSMo 1978. As defendant's motion is well taken, the appeal is dismissed.

On March 9, 1982, plaintiff obtained a default judgment in the associate circuit court of the City of St. Louis against Faille-Talayna Pizza, Inc. Execution and garnishment were issued on May 3, 1982, returnable June 2, 1982. On May 28, 1982, Missouri State Bank, as garnishee, paid $922.98 to the court clerk. On June 2, the return date, defendant filed a motion to quash execution and garnishment claiming lack of service of the petition and summons, that a similarly named but different company was the debtor, and that the judgment was obtained by mistake or fraud. A copy of the motion to quash was sent to plaintiff on June 2, 1982. Two days later, and seven days after the garnishee deposited the funds with the circuit clerk, plaintiff certified to the clerk that the funds had been on deposit with the clerk for ten days, drew out the funds and filed a satisfaction of judgment. On the same day plaintiff filed a motion to strike the motion to quash. He therefore knew of the motion to quash when he withdrew the funds. In the motion to strike, plaintiff contends that defendant failed to serve notice of intention to file the motion to quash, § 513.360 RSMo 1978, and that it was not timely filed. On June 28, 1982, the associate court denied the motion to strike, sustained the motion to quash and entered an order requiring plaintiff to repay the garnished funds to the clerk of the court. Plaintiff appeals from this order.

The right to appeal is purely statutory. *Plaza Point Investments, Inc. v. Dunnaway*, 637 S.W.2d 303, 305–06 (Mo. App.1982). Section 512.180.2 RSMo 1978 governs the right to appeal in a court tried case not heard on assignment from a circuit judge. Only persons aggrieved by a jury verdict or a decision in a court tried case before a judge on assignment may appeal to the appropriate appellate court. § 512.180.-2. Failure to qualify for appeal under this section is fatal. *State v. Fender*, 600 S.W.2d 683, 685 (Mo.App.1980). The order on appeal is from a court tried case before an associate judge and the aggrieved party on timely application is entitled to a trial de novo in the circuit court but not an appeal to this court. § 512.180.1.

Plaintiff's pro se effort deserves some further comment. Attachments to plaintiff's suggestions in opposition to respondent's motion to dismiss the appeal indicate that the associate court's money judgment was transcripted to the circuit court on April 13, 1982.[1] A transcripted judgment has the same effect as a judgment rendered by a circuit court. § 517.-770 RSMo 1978. *Mahen v. Tavern Rock, Inc.*, 327 Mo. 391, 37 S.W.2d 562 (1931). If the execution and garnishment were on the transcripted judgment and attacked in the circuit court by motion to quash, it would be a circuit court judgment directly appealable to this court. § 517.770. The attachments to the suggestions indicate that the transcript judgment bears the same cause number as the associate court cause number. It is not clear from the record whether the plaintiff attempted an execution and garnishment in the associate court on the associate judgment or in the circuit court on the transcript judgment. In any event, the pay-out order was on the authority of the associate and the motion to quash was lodged before the associate. Plaintiff has attempted to appeal from the associate's order quashing the execution.

Plaintiff argues that the language of § 517.020.1(12) and § 517.910 RSMo 1978 supports jurisdiction for this appeal. Section 517.020.1(12) provides that statutes and Supreme Court rules in effect in civil actions filed before circuit courts shall apply to cases before associate circuit courts. Section 517.910 provides that executions issued by associate circuit courts shall have the same force, effect and follow the same procedure as executions on judgments from circuit courts. Hence, plaintiff contends associate court executions are appealable to this court. These provisions, however, merely describe the procedure for cases tried and executions issued on associate circuit court judgments. The appeals procedure from associate courts is governed exclusively by § 512.180.2. *Plaza Point Investments, Inc. v. Dunnaway*, 637 S.W.2d 303, 306 (Mo.App.1982).

As plaintiff has no statutory right to appeal from the associate circuit court in a court tried case the appeal is dismissed.

SIMON, P.J., and STEPHAN, J., concur.

---

1. These documents are not part of the legal file.