CENTRAL MISSOURI PAVING
COMPANY, Appellant,

v.

James E. KRAFT, individually and d/b/a Kraft Mobile Homes and City Bank and Trust Company, Moberly, Missouri, Respondents.

No. WD 34587.

Missouri Court of Appeals,
Western District.

July 31, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Oct. 2, 1984.

Kenneth D. Kyser, Moberly, for appellant.

Rex V. Gump, Anne W. Elsberry, Moberly, for respondents.

Before SOMERVILLE, P.J., and CLARK and KENNEDY, JJ.

KENNEDY, Judge.

This is an attempted appeal from an order of an associate circuit judge quashing a garnishment in aid of execution, after a trial to the court. The respondent has filed

a motion to dismiss the appeal, on the ground that the appeal is not properly to this court but is by way of trial de novo before a circuit judge, § 512.180.1, RSMo 1978.

The motion is sustained. The same question was before the Eastern District of this court and it was held that the Court of Appeals had no jurisdiction to entertain the appeal. *Nicolai v. Faille-Talayna Pizza, Inc.*, 657 S.W.2d 279 (Mo.App.1983).

The appellant tells us in its suggestions in opposition to the motion that the original case which resulted in the judgment upon which the execution and garnishment were sued out, was tried to a jury upon the record, and that therefore the appeal of the subsequent order quashing the garnishment is to this court, citing § 512.180.2, RSMo 1978. That section does indeed provide for appeals directly to this court of cases tried with a jury before an associate circuit judge upon the record. But the appeal we have before us is not from the judgment in the original case, but is from the judgment in the garnishment proceeding, which is (for this purpose) a different and a separate thing. In *Flynn v. First National Safe Deposit Company*, 284 S.W.2d 593 (Mo.1955), the court said:

> The judgment to be rendered in a garnishment proceeding is expressly denominated a "final judgment." Section 525.-170 RSMo 1949, V.A.M.S. Conceding that a garnishment proceeding in aid of execution is technically not the institution of a new suit but only an incidental means of obtaining satisfaction of the judgment upon which the execution has been issued, *Smith v. Bankers Life Ins. Co. of Nebraska*, Mo.App., 170 S.W.2d

111, yet the nature of the proceeding is such as to require that the issues made up by the pleadings "shall be tried as ordinary issues between plaintiff and defendant." Section 525.190 RSMo 1949, V.A.M.S. Not only is the judgment in a garnishment proceeding a "final judgment" in that it finally disposes of all the issues and parties, but when that judgment is in favor of the party seeking to enforce his judgment by way of garnishment, it is one upon which execution "such as is allowed by law on general judgment" may issue to enforce said judgment. Section 525.110 RSMo 1949, V.A.M.S. The orders quashing the writs of garnishment were final judgments within the meaning of Section 512.020 RSMo 1949, V.A.M.S., which disposed of the issues between the appellant as plaintiff in the garnishment proceeding and the garnishees. Compare *Frohoff v. Casualty Reciprocal Exchange*, Mo.App. 113 S.W.2d 1026, wherein it was held that a judgment in a garnishment proceeding was a "final judgment" for the purpose of seeking a writ of error.

284 S.W.2d at 596.

Our own original appellate jurisdiction is the threshold consideration in every case.[1] Having found that that is lacking in this case, we close the file. Any examination of the trial court's jurisdiction to render the original judgment (the absence of which would deprive us of derivative appellate jurisdiction) is gratuitous. This writer does not agree that the original judgment is a nullity, but thinks it goes beyond our proper appellate role to consider it, if not beyond our appellate jurisdiction.

Appeal dismissed.

In *McCormack v. Dunn*, 106 S.W.2d 933 (Mo. App.1937), the court determined that the trial court's order was not an appealable order, hence that the appeals court had no jurisdiction.

The court concluded: "Lacking jurisdiction, this court cannot on this appeal determine the question whether the order of April 27 [the order appealed from] was or was not void. The appeal is dismissed." Id. at 935–36.

---

1. "[A]lthough where the reviewing court determines that it is without jurisdiction, it will decline to pass on the jurisdiction of the lower court." 4 C.J.S. Appeal and Error, § 41 (1957). Cited: *In re Sevilleta v. De La Joya Grant, Socorro County*, 41 N.M. 305, 68 P.2d 160 (1937). 1 Mo.Digest 2d Appeal and Error, § 23 (1983). First question for appellate court, in every case, is that of jurisdiction, first of itself, and then of the trial court. *Highway Construction Company v. McClelland*, 14 F.2d 406 (8th Cir. 1926).

SOMERVILLE, P.J., concurs.

CLARK, J., concurs in result and files separate concurring opinion.

CLARK, Judge, concurring in result.

I concur in the majority opinion delivered in this case, but to the extent only of the result and, as to that, only with the qualifications here expressed. In my view, the majority opinion indulges a superficial choice to avoid confronting the dispositive issue in the case, the validity of the judgment on which the contested garnishment in aid of execution was obtained. In so doing, the majority opinion improvidently postpones decision as to a procedural and jurisdictional question of general importance to the trial courts and of immediate practical concern to appellant. Moreover, even in its limited scope, the ubiquitous rationale of the majority opinion finds no support in the authorities upon which it purports to rely.

An appropriate analysis of the issue in the case must be preceded by a comprehensive statement of the facts, lacking in the majority opinion, and a delineation of the contentions focused by respondent's motion to dismiss the appeal.

The case commenced with the filing of appellant's petition in the associate circuit court of Randolph County against respondent James E. Kraft on an account for goods and services in the amount of $3353.00. Personal service was had on James E. Kraft but apparently not on Mary L. Kraft, a defendant also named in the petition. As to James Kraft, the cause was contested and was ultimately tried before Associate Circuit Judge Richard J. Chamier who convened a jury in response to a demand for a jury trial. In due course, a verdict was rendered for plaintiff and judgment was entered on that verdict. The execution here in controversy ultimately issued on that judgment.

Pursuant to the execution, respondent City Bank was summoned as garnishee. In response to interrogatories, the bank disclosed that it held an account in the names of James C. Kraft, Mary L. Kraft, Larry W. Kraft and James E. Kraft as joint depositors, which account was contended not to be subject to the execution by reason of the joint ownership status. The issues were made up by appellant's denial of the answers and after a bench trial, the court ordered the garnishee bank discharged. According to the clerk's attestation of the legal file, all proceedings in the case from the commencement of suit to the decision on the garnishment were in the "Circuit Court of Randolph County, Missouri, Associate Judge Division."

This appeal is prosecuted from the judgment discharging the respondent bank and charges error by the trial court in that decision. While that subject has been briefed and argued by the respective parties, they have also presented opposing contentions on the question of whether the appeal is properly lodged in this court. That issue arises under the respondent bank's motion to dismiss the appeal on the ground that § 512.180.1, RSMo 1978 [1] limits the right of review of a decision by an associate circuit judge sitting without a jury to an application for trial de novo in the circuit court. It is in the appellant's response to this contention that the critical question in the case surfaces.

Appellant points to the record of the case as one in which the judgment was the product of a jury trial on the record under circuit court procedures. It then argues that once the case acquires the attributes of a circuit court case, a necessary consequence of any jury tried case, § 512.180.2 controls the procedure on appeal including post-judgment matters even though the decision on the post-judgment issue be one not rendered by a jury. It is this question which the majority opinion ignores.

Beyond any possible doubt, the test of whether the losing party is entitled to a trial de novo or an appeal to the appropriate appellate court is not made solely by looking to the office of the trial judge but by determining in what capacity and under

---

1. All citations are to RSMo 1978.

what trial format the case was heard. The majority opinion errs when it announces that the appeal in this case must be dismissed because the attempt is to appeal from an order of an associate circuit judge in a case tried to the court. If the case was tried by the associate judge under procedures applicable before circuit judges and if the associate judge was possessed of the cause as a circuit court case, § 512.-180.2 gives the aggrieved party a right of appeal to this court irrespective of whether a jury was involved. The question posed is, therefore, not whether Judge Chamier called a jury to decide the issues made up on the garnishment but whether the case was one falling within subsection 2 of § 512.180 because it was a circuit court case tried under procedures applicable before circuit judges.

As to this latter question, the record on appeal leaves no doubt and the parties do not contest that the garnishment issues were tried under circuit court procedures. The pleadings and the transcript of the trial confirm this assumption. The majority opinion makes no mention of this circumstance leaving at least the inference that the absence of a jury is fatal to the aggrieved party's appeal to this court. The majority opinion errs in this detail because, as was noted above, if circuit court procedures were observed and if the associate court was entitled to try the case as a circuit court case, the presence or absence of a jury is irrelevant to the determination of the proper forum for appeal.

The appellant's argument in support of this court's jurisdiction over the appeal contends that once the associate court acts in a case as a circuit court to render judgment, subsequent proceedings partake of the same judicial flavor in the case. Indeed, it is implausible to suggest that the court which sat as a circuit court to enter judgment reverts to the status of an associate court in the same case when issues as to execution on the judgment are presented. For this reason, the case cited in the majority opinion, *Nicolai v. Faille-Talayna Pizza, Inc.,* 657 S.W.2d 279 (Mo.App.1983), is inapposite. The *Nicolai* case did not present that question. There, the plaintiff

obtained a default judgment in the associate circuit court, sued out execution and attempted to appeal to the appellate court the order by the associate judge quashing the execution. There was no claim in *Nicolai* that the case was a circuit court case, that circuit court procedures were observed or that a record of proceedings essential to appeal was made. The *Nicolai* case was one plainly within the purview of § 512.-180.1 and is of no aid in answering appellant's contention here.

The majority opinion is content to rule the dismissal motion by isolating the execution phase of the case from the judgment on which it issued and the proceedings which culminated in that judgment. Citing *Flynn v. First National Safe Deposit Company,* 284 S.W.2d 593 (Mo.1955), the majority describe the judgment in the garnishment controversy as "a different and a separate thing" from the judgment on which the execution issued. This descriptive language is not to be found in the cited case, it lacks any recognized legal significance and does not bolster the theory of ignoring appellant's contention that the execution aspect of the case is jurisdictionally interrelated to the proceedings which generated the original judgment.

In fact, a garnishment proceeding in aid of execution is only an incidental means of obtaining satisfaction of the judgment on which the execution has been issued. *Flynn v. First National Safe Deposit Company, supra.* A judgment against the principal defendant is the foundation upon which the proceedings against the garnishee must rest. *Barnes v. Hilton,* 323 S.W.2d 831, 835 (Mo.App.1959). A motion to quash an execution is not an independent proceeding but is regarded as an adjunct to the case proper. *Wyoma Leather Co. v. Modern Hat & Cap Mfg. Co.,* 67 S.W.2d 815 (Mo.App.1934).

The foregoing discussion leads finally to the consideration, labeled gratuitous in the majority opinion, of the root issue in the case, that is, whether the jury trial of the principal case before Judge Chamier invested the proceedings with the attributes of a circuit court case with associated rights of appeal to this court under § 512.180.2 as to

post-judgment matters. In taking up this question, the view expressed by the majority that proceedings on execution are, for purposes of considering appellate jurisdiction, wholly isolated from the case in chief is categorically rejected. It is also significant to stress that appellant here makes no claim of any assignment of this case to Judge Chamier by the presiding judge of the circuit pursuant to § 478.240. The jury was called by Judge Chamier to try the case because a jury trial was demanded and the parties agreed.

Associate circuit judges have no independent jurisdiction to try any jury cases under the unified court system embodied in the statutes adopted in Missouri in 1978. Section 517.630 provides that when any party to a case in the associate circuit court requests a jury, " * * * the case shall be certified for assignment as provided in section 517.520." Under the last cited section, the presiding judge of the circuit may reassign the case to the associate judge for trial as a circuit court case or he may assign the case to an available circuit judge. The language of the statute requiring certification is mandatory when a jury is demanded and circumscribes the jurisdiction of the associate judge over that case. It also follows that where the associate judge has been assigned the case for trial as a circuit court case, the aggrieved party has a right of appeal from any decision by the associate judge in like manner as would obtain were the case tried by a circuit judge. Such is the import of § 512.180.2 relied on by appellant to maintain this appeal.

In the contention that the jury trial in this case under procedures applicable to circuit judges imparted to the case the attributes of a circuit court case for purposes of appeal, appellant has overlooked the failure by the trial court to observe the requirement of § 517.630 and to certify the case to the presiding judge of the circuit when the jury demand was made. Appellant's contention that jurisdiction of this appeal lies in this court would be correct but for the fact that Judge Chamier undertook to try this case to a jury without observing the mandate for certification set out in § 517.630 and without the order of reassignment from the presiding judge under § 517.520.

Jurisdiction in the trial court to enter the judgment upon which the execution and garnishment in question here issued is essential to the ultimate jurisdiction of this court over the appeal. This follows because an execution must be supported by a valid judgment, *Taylor v. Taylor*, 367 S.W.2d 58, 64 (Mo.App.1963), a void judgment being incapable of supporting a writ of execution. *Workman v. Anderson*, 297 S.W.2d 519, 522 (Mo.1957).

The trial court here lacked jurisdiction to proceed with the trial once the jury was demanded and, as a consequence, the judgment entered on the jury verdict was without adjudicatory effect. It necessarily follows also that the judgment of the trial court on the subordinate issues presented by the execution and garnishment present no questions for appellate review because the execution was not supported by a valid judgment. As a result, the order discharging the garnishee is neither final nor appealable and on this ground, I would order the appeal dismissed.