**STATE of Missouri, ex rel. Duane BENTON, Director Missouri Department of Revenue, Respondent,**

v.

**AIRPORT LIMOUSINE SERVICE, PREMIER SERVICE CORP.,**
**Appellant.**

**No. 57182.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 19, 1990.

Iris Golliday Ferguson, St. Louis, for appellant.

Paul H. Kaiser, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Premier Service Corp., Inc., d.b.a. Airport Limousine Service, appeals an order of the Associate Circuit Court of the City of St. Louis which denied its motion to set aside a default judgment rendered against appellant in a civil action for delinquent income withholding tax. We dismiss the appeal.

On April 17, 1989, respondent, the Director of Revenue, filed a "Petition for Delinquent Withholding Tax" against appellant. This petition alleged that appellant was liable to the State for taxes in the amount of two thousand forty-five dollars and ninety-five cents ($2,045.95). A default judgment in this amount was rendered by the associate circuit court on June 13, 1989. On June 23, 1989, appellant filed a motion to set aside the default judgment. The court denied the motion on August 9, 1989, and this appeal followed.

 The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists. *Nicolai v.*

*Faille—Talayna Pizza, Inc.*, 657 S.W.2d 279, 280 (Mo.App., E.D.1983). Appeals from cases tried before associate circuit court judges are controlled by RSMo § 512.180 (1986). Under that statute, parties aggrieved by a judgment in a civil case tried without a jury before an associate circuit court judge, have the right to a trial de novo where the petition claims damages of five thousand dollars or less. RSMo § 512.180(1). Only in cases not fitting this description may parties appeal directly to an appellate court. RSMo § 512.180(2); *Nicolai*, 657 S.W.2d at 280.

In the present case, the order on appeal clearly falls within § 512.180(1). The appellant's sole recourse was to file for a trial de novo in the circuit court; they cannot appeal to this court directly.

Dismissed.