Ray HATFIELD, Appellant,

v.

Rina CRISTOPHER, Respondent.

No. WD 45668.

Missouri Court of Appeals,
Western District.

Oct. 27, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 24, 1992.

Application to Transfer Denied
Dec. 18, 1992.

Janet Ivy Blauvelt, Dysart, Taylor, Penner, Lay & Lewandowski, Kansas City, for appellant.

Gabriel Andrew Domjan, Lee's Summit, for respondent.

Before TURNAGE, P.J., and BRECKENRIDGE and HANNA, JJ.

BRECKENRIDGE, Judge.

This appeal arises from the trial court's issuance of two contradictory orders, one quashing an execution and one ordering payment into court of the money held under the same execution. Ray Hatfield asserts four points on appeal arguing that (1) the appeal is moot because the December 17, 1991 order to pay in overrules the December 12, 1991 order quashing execution; (2) the trial court erred in admitting into evidence over Hatfield's objection a document purporting to be a satisfaction of the judgment; (3) the trial court failed to state in the December 12, 1991 order the reason for quashing the execution; (4) the trial court erred in quashing the execution because a) the social security exemption does not apply, b) joint accounts can be garnished if the debtor has provided all the funds, and c) the satisfaction agreement is at best a promise without consideration because it does not comply with the law regarding satisfaction of judgments. The motion to dismiss is denied and the judgment is affirmed.

On April 11, 1989, the appellant, Ray Hatfield, obtained a judgment for money loaned to the respondent, Rina Cristopher, in the amount of $7,540 and costs. Hatfield requested garnishment in aid of execution on September 10, 1991 and such was granted on September 25, 1991.

Pursuant to the execution, Home Federal Savings was summoned as garnishee. In response to interrogatories, Home Federal Savings disclosed a joint savings account, opened November 23, 1984, held by Cristo-

pher and her daughter. The account had a balance of $3,328.93. Cristopher's daughter, the joint tenant, had not contributed money to the account. Commencing in June of 1988, a source of funds in the account was the monthly social security payments Cristopher received. In 1990, the amount of her monthly payment was $419. Cristopher testified that she usually cashed the social security check, took part of the funds in cash to pay bills and put the remainder into the savings account.

Shortly after the judgment, Cristopher obtained a signed, handwritten document from Hatfield dated April 24, 1989, in which Hatfield promised to discontinue legal action against Cristopher and release her from all obligations. Hatfield also promised in the document to be Cristopher's best friend for the rest of their lives and stated that the $8000 involved in the suit was canceled. This document was allowed into evidence as "Exhibit 3" over Hatfield's objection. Cristopher did not pay Hatfield any money in exchange for Exhibit 3. Cristopher testified that prior to obtaining Exhibit 3, she cooked for Hatfield, did his washing and cleaned apartments managed by him. Cristopher stated that she was sometimes paid or taken places in return for her work. Cristopher testified that after she obtained Exhibit 3, she and Hatfield "started all over again" with Cristopher cooking, although a little less than before, doing the laundry and some cleaning for Hatfield. Hatfield, who was 89 at the time of the hearing, stated that he was under the influence of alcohol when Cristopher had him write Exhibit 3, which he did not understand or comprehend.

On October 18, 1991, Cristopher filed a Petition for Quashing Execution. Thereafter, Hatfield filed a motion for an order that the garnishee pay in the amount of $3,328.93. The trial court held a hearing on both motions and on December 12, 1991, entered an order quashing the execution. On December 17, 1991, the trial court entered a conflicting order for Home Federal Savings to pay $3,328.93 from the savings account into the court administrator. Cristopher was not notified of the December

17, 1991 order and did not discover it until the Legal File was obtained to prepare the brief for this appeal. Cristopher filed a motion to dismiss Hatfield's appeal on June 4, 1992, which has not previously been ruled and will be considered at this time.

■ Cristopher argues in her motion to dismiss that jurisdiction on appeal does not exist in this court because of a failure to satisfy the amount-in-controversy requirement under § 512.180, RSMo 1986.[1] In Missouri, the right to appeal is purely statutory and does not exist unless a statute grants the right. *State of Missouri ex rel. Benton v. Airport Limousine Service, Premier Service Corp.*, 791 S.W.2d 482, 483 (Mo.App.1990). Under § 512.180.1, an appeal of a judgment in a civil case tried without a jury by an associate circuit judge is by way of a trial de novo if the amount in controversy is $5,000 or less. *Id.* There must be an amount in dispute in excess of $5,000 for the court of appeals to acquire jurisdiction of the appeal. Section 512.-180(2).

■ Cristopher relies upon *Central Missouri Paving Co. v. Kraft*, 678 S.W.2d 420 (Mo.App.1984), to support her jurisdictional argument. *Kraft* is distinguishable, however, from the case at hand. Although *Kraft* involved an appeal of an order quashing a writ of garnishment in aid of execution, the underlying judgment and execution was for $3,353, an amount less than the $5,000 jurisdictional requirement. The amount for which the execution issued is the figure used to determine whether the jurisdictional requirement has been met. *Flynn v. Janssen*, 266 S.W.2d 666, 671 (Mo.1954). Cristopher's case differs from *Kraft* because the original judgment against Cristopher and the amount sought under the execution was $7,540 which exceeds the $5,000 jurisdictional requirement. The amount in controversy in this case is $7,540 plus costs rather than, as Cristopher asserts, the $3,328.93 seized under the garnishment. Jurisdiction on appeal is proper in this court. The motion to dismiss is denied.

■ The case was court-tried. Pursuant to *Murphy v. Carron*, 536 S.W.2d 30 (Mo.

banc 1976), this court affirms the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence or the trial court erroneously declared or applied the law.

■ Hatfield argues in his Point I that the December 17, 1991 order to pay overrules the December 12, 1991 order quashing execution and renders this appeal moot. The December 17, 1991 order to pay is invalid because it was issued in violation of Rule 75.01. Under Rule 75.01, the trial court retains control over judgments during the thirty-day period following entry of judgment. Within that time, the court may, for good cause, vacate, amend or modify its judgment, but only after giving the parties reasonable notice and an opportunity to be heard. *Terre Du Lac, Inc. v. Black*, 713 S.W.2d 18, 21 (Mo.App.1986).

■ The trial court entered the December 17, 1991 order without notifying either party, thereby denying them the opportunity to be heard. The Missouri Supreme Court held in *Brockhoff v. Leary*, 711 S.W.2d 869, 871 (Mo. banc 1986), that notice must be provided to the adversely affected party when the trial court acts on its own initiative within the thirty-day period of Rule 75.01. Cristopher's opportunity to appeal was adversely affected by the lack of notice. The December 17, 1991 order is vacated and the appeal is not moot. Point I is denied.

■ In Point II, Hatfield argues that the trial court erred by allowing Exhibit 3, a handwritten release signed by Hatfield, into evidence because a promise to satisfy a judgment without consideration is not admissible as evidence to satisfy a judgment or quash an execution. The objections Hatfield sets forth in his second point relate to the weight of the evidence rather than to the admissibility of Exhibit 3. A piece of evidence is not required to constitute sufficient proof of the ultimate issue in order to be admissible. Evidence is relevant, and therefore admissible, if it tends to prove or disprove a fact in issue or if it tends to corroborate other relevant evidence which

---

**1.** All statutory citations are to Revised Missouri    Statutes 1986, unless otherwise stated.

bears on the ultimate issue. *Reed v. Rope*, 817 S.W.2d 503, 510 (Mo.App.1991). The cases cited by Hatfield to support Point II discuss whether Exhibit 3 is sufficient proof of a valid and binding release rather than whether such a document is admissible into evidence. Although Hatfield's supporting authority sets forth the level of proof required for the release to be valid, he fails to present authority supporting the inadmissibility of Exhibit 3. Point II is denied.

Hatfield argues in Point III that as a result of the court's failure to state its reasons for quashing execution in the order of December 12, 1991, Hatfield cannot determine whether the trial court relied on the social security exemption, a joint account argument or complete satisfaction of the judgment. Hatfield claims that the December 12, 1991 order should be void for vagueness.

■ Rule 73.01(a)(2) states that any party may request, before submission of the case, that the court indicate the grounds for its decision and its findings of fact.[2] Since neither party requested findings of fact and conclusions of law in the case at hand, the trial court was not required to set forth grounds for its decision.

Hatfield's Point III addresses only the court's failure to state reasons for its decision. Hatfield argues in his discussion of Point III, however, that the overall language of the order was vague. Hatfield does not raise this argument in a point relied on as required by Rule 84.04(d). Nevertheless, this court will briefly address the vagueness issue.

■ On appeal, the court may review an order made by a trial court with jurisdiction to make the order and correct ambiguities as long as the order is not completely unintelligible. *Flynn*, 266 S.W.2d at 670. The order will be void on its face only if it is completely unintelligible or if it appears that the court which entered it lacked jurisdiction over the parties or the subject mat-

ter. *Id.* An appellate court may not hold a trial court's order to be an absolute nullity unless it is so absolutely unintelligible that, after considering the whole record and construing the conflicting portions, no other construction may be placed upon it. *State ex rel. Rosen v. McLaughlin*, 318 S.W.2d 181, 185 (Mo. banc 1958). In construing an ambiguous or indefinite order the appellate court may resort to the pleadings, the verdict, the findings and all other parts of the record. *Taylor v. Taylor*, 367 S.W.2d 58, 64 (Mo.App.1963).

The actual language used in the trial court's order is not vague. By the plain and ordinary meaning of the words of the order, "execution is quashed," the message is clear. Such words do not lend themselves to any misconstruction or misunderstanding. The only basis on which such language could be considered incomprehensible is in the application of the language to the matters before the court. Did the court determine the execution to be quashed merely on the basis of the nature of the property being garnished or because the judgment had been satisfied? If the later, all future executions would be precluded as well. In order to dispose of this question, it is necessary to review the record as a whole and determine whether a possible basis for the order to quash could be that the judgment was satisfied.

■ It must be noted that the matter before the court was a motion praying for the quashing of the execution, not a motion for an order that the judgment be satisfied. During the course of the trial, however, Hatfield failed to object that the evidence on the issue of satisfaction of judgment went beyond the scope of the pleadings. The parties argued the merits of the issue, i.e., whether the release signed by Hatfield was supported by consideration on Cristopher's part. Failure to object to evidence beyond the scope of the pleadings shall be treated as implied consent to determine the issues thereby raised.

2. Rule 73.01(a)(2) is applicable because the definition of judgment under Rule 74.01(a) includes a decree and any order from which an appeal lies. A trial court's order quashing a writ of garnishment is a final judgment from which

appeal is proper. *Landmark Bank of Ladue v. General Grocer Co.*, 680 S.W.2d 949, 955 (Mo. App.1984). *See also Adam v. Lawhon*, 763 S.W.2d 380, 381 (Mo.App.1989).

*Arnett v. Venters*, 673 S.W.2d 67, 72 (Mo. App.1984). Therefore, the parties have tried the issue by implied consent. In addition, Hatfield argues that the motion to quash is an illegal collateral attack on the final judgment. By failing to raise the illegal collateral attack argument in his response to Cristopher's motion to quash execution, Hatfield has waived this argument. *Miller v. Pool and Canfield, Inc.*, 800 S.W.2d 120, 124 (Mo.App.1990).

Hatfield claims that Exhibit 3 is not a valid release in satisfaction of the judgment. He argues that a satisfaction agreement requires consideration and Exhibit 3 is at best a promise without consideration, rather than a satisfaction of judgment. The basis for his contention is that Exhibit 3 does not comply with the statutes and rules regarding satisfaction of judgment.

■■■ A judgment may be satisfied or discharged by the giving of a valid release. *City of St. Louis v. Senter Commission Co.*, 343 Mo. 1075, 124 S.W.2d 1180, 1184 (Mo.1938). A release is a matter of agreement and is governed by contract principles. *Ensminger v. Burton*, 805 S.W.2d 207, 217 (Mo.App.1991). As a result, a release is treated like a new contract and requires consideration. *Weindel v. DeSoto Rural Fire Protection*, 765 S.W.2d 712, 715 (Mo.App.1989).

■■■ The general rule is that Cristopher has the burden of showing that Exhibit 3 was supported by consideration because release, being an affirmative defense, requires that the party asserting the defense carry the burden of proof. *Jenkins v. Simmons*, 472 S.W.2d 417, 420 (Mo. 1971). *See also Landmark N. Cty. Bank v. Nat. Cable Tr.*, 738 S.W.2d 886, 890 (Mo.App.1987). An exception to the general rule exists where the party against whom the release is asserted admits signing the release, the release purports to rest upon consideration, and the release is admitted into evidence. *Jenkins*, 472 S.W.2d at 420. In such a situation, the release is presumed valid and the burden of producing evidence to overcome this presumption, and prove some invalidity in the release, shifts to the party against whom the release is being asserted. *Landmark N. Cty. Bank*, 738 S.W.2d at 890.

■■■ In the case at bar, Hatfield admitted signing the release and the release was admitted into evidence; however, this fulfills only part of Cristopher's burden. The release itself does not recite consideration, which would have been prima facie evidence of the existence of consideration to support the agreement. *In Re Estate of Weinsaft*, 647 S.W.2d 179, 183 (Mo.App. 1983). Without such a recital, the release is not presumed valid, i.e., the burden of proof does not shift to Hatfield, and Cristopher must prove the release was supported by consideration.

■■■ Cristopher argues that the cleaning and cooking services she performed for Hatfield after the release was signed serve as consideration for the release. Cristopher cites *Hackett v. St. Joseph Light & Power Co.*, 761 S.W.2d 206 (Mo.App.1988), for the proposition that a party who gave a release cannot later challenge the adequacy of consideration for that release. Cristopher has misinterpreted *Hackett*. *Hackett* addresses the inadequacy of the consideration given for a release which is distinguishable from the lack of consideration issue in the case before this court. Hatfield argues not that Cristopher's consideration was inadequate, but instead, that Cristopher gave no consideration. A reasonable inference from the evidence is that she was compensated for her cooking, laundry services and cleaning subsequent to the execution of the release in exactly the same manner as she had been prior to the execution of the release. Her conduct in performing services under those circumstances was not consideration for the release. In addition, the recital by Hatfield that the parties would be "best friends" for the rest of their lives is not sufficient as legal consideration. Cristopher failed to meet her burden of proving that Exhibit 3 was supported by consideration. Therefore, the trial court's order merely quashes the execution and is not a ruling that the judgment is satisfied. Point III is denied.

Hatfield's Point IV contains three subparts in which he argues that the trial court erred in quashing the execution because (A) the social security exemption

does not apply since Cristopher cashed the checks and deposited only part of the funds; (B) joint accounts can be garnished where the debtor provided all the funds and the joint tenant has not intervened to claim the funds; and (C) a satisfaction agreement requires consideration and Exhibit 3 is a promise without consideration. The trial court's order quashing the execution can be upheld on the basis of the social security exemption Hatfield discusses in Point IV(A). As Point IV(A) is dispositive, it is not necessary to discuss Point IV(B). The issues raised in Point IV(C) have been fully addressed in the discussion of Point III and were found not to have merit.

In Point IV(A), Hatfield argues that the trial court erred in quashing the execution because the social security exemption does not apply to Cristopher since she cashed the checks and deposited only a portion in her savings account. Title 42 U.S.C. § 407(a) (1991) states:

> The right of any person to any future payment under this title shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

Decisions of the United States Supreme Court interpreting federal statutes are binding on Missouri courts. *Wimberly v. Labor and Indus. Com'n*, 688 S.W.2d 344, 347 (Mo. banc 1985). It is clear from the U.S. Supreme Court's opinion in *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973), that if a bank account contains social security funds, the funds are exempt from legal process. *See also Collins, Webster and Rouse v. Coleman*, 776 S.W.2d 930, 931 (Mo.App.1989). Cristopher's bank account contains social security and non-social security funds. Hatfield argues that the funds in Cristopher's account are not exempt because the entire benefit check was not directly deposited and the social security funds were commingled with other funds in the account. Hatfield's arguments are without merit. In *Philpott*, the Court states that § 407 im-

poses "a broad bar against the use of any legal process to reach all social security benefits." *Philpott*, 409 U.S. at 415, 93 S.Ct. at 592.

The United States Court of Appeals for the First Circuit specifically addressed commingling of funds in *Dionne v. Bouley*, 757 F.2d 1344 (1st Cir.1985). *Dionne*, although not binding on Missouri courts, is persuasive. *Dionne* involved an account containing social security benefits mixed with wages. The court held that, based on *Philpott* and § 407, the social security funds in the account were exempt from post-judgment attachment. *Id.* at 1350. Section 407 exempts "moneys paid" from garnishment and does not restrict its exemption to social security funds that have not been commingled with other funds.

Hatfield also argues that the Missouri exemption statute, § 513.430(10)(a), grants the garnishment exemption on only the right to receive social security benefits and that the exemption does not extend to funds on deposit. Hatfield's argument is without merit. Section 407 preempts § 513.430(10)(a) as a result of the Supremacy Clause of the United States Constitution. *Collins, Webster and Rouse*, 776 S.W.2d at 931. Section 407 states that "none of the moneys paid" shall be subject to execution and garnishment which clearly exempts more than just the right to receive social security benefits. *Id.* Point IV is denied.

The judgment of the trial court is affirmed.

All concur.