In re the MARRIAGE OF Janice K. DOOLY and Harold S. Dooly.

Janice K. Dooly, Petitioner–Respondent,

and

Harold S. Dooly, Respondent–Appellant.

No. 22416.

Missouri Court of Appeals,
Southern District,
Division One.

June 24, 1999.

Jay P. Cummings, Springfield, for appellant.

Susan S. Jensen, Pratt & Fossard, Springfield, for respondent.

JAMES K. PREWITT, Presiding Judge.

Harold S. Dooly appeals from judgment dissolving the marriage of the parties. He presents two points relied on, contending (1) the trial court erred by entering an inconsistent judgment in that it recites that neither party shall pay maintenance to the other but awards Respondent maintenance; and (2) that the trial court erred by awarding maintenance to Respondent because she received sufficient income-producing property to meet her reasonable needs. Review is under Rule 73.01(c). For interpretation of that rule, see *In re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo.App.1990).

We first address Appellant's initial point. As he asserts, there are inconsistent provisions in the court's findings and judgment. As a part of the findings, the trial court determined:

5. Petitioner, Janice K. Dooly, lacks sufficient property, including property apportioned to her, to provide for all of her needs and is unable to support herself through appropriate employment, and that after considering all relevant factors including those set out in Section 452.335 RSMo., Respondent, Harold S. Dooly, should pay Petitioner, Janice K. Dooly, periodic maintenance as set forth in the judgment.

Thereafter, in the "Judgment and Decree of Dissolution of Marriage," it is stated:

2. A. Neither party shall pay maintenance to the other. This order is non-modifiable.

B. Respondent is ordered to pay Petitioner maintenance of $100.00 per month on the 1st of each month commencing December 1, 1997, which obligation shall be modifiable.

A trial court's order is not an absolute nullity unless, after considering the whole record it is absolutely unintelligible. *Hatfield v. Cristopher*, 841 S.W.2d 761, 765 (Mo.App.1992). In construing an ambiguous or indefinite order, an appellate court may review all parts of the record. *Id.* In so doing, it is apparent that the trial court intended to award maintenance to Respondent. That is set forth two times in the findings and judgment.

The reference that neither party shall pay maintenance to the other obviously was inadvertently included in the judgment. This Court may "give such judgment as the court ought to give." Rule 84.14. Therefore, on remand, the trial court shall strike from the judgment: "A. Neither party shall pay maintenance to the other. This order is non-modifiable. B."

For his second point, Appellant contends that the trial court erred in awarding maintenance of $100.00 per month to Respondent because she received sufficient income-producing property to meet her needs and that, as she worked part time, there was even "a wider margin between her listed monthly expenses and monthly income."

The trial court has considerable discretion in awarding maintenance and a party contesting that award has the burden of demonstrating an abuse of discretion. *In re Marriage of Tappan*, 856 S.W.2d 362, 365 (Mo.App.1993). So viewed, and deferring to the trial court on the issue of credibility, under this Court's limited review, the award of maintenance must be affirmed.

A further opinion would have no precedential value and no error of law appears. *See* Rule 84.16(b). The matter is remanded to the trial court for correction of the judgment as above set forth. As so modified, the judgment is affirmed.

CROW, J., and PARRISH, J., concur.