**STATE of Missouri, ex rel., Jeremiah W. NIXON, Attorney General, State of Missouri, Appellant,**

v.

**Manzoor MAHMUD, Respondent.**

**No. WD 57088.**

Missouri Court of Appeals, Western District.

Dec. 7, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2000.

Application for Transfer Denied March 21, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Virginia H. Murray, Asst. Atty. Gen., Jefferson City, for appellant.

Anthony L. Anderson, Clayton, for respondent.

Before BRECKENRIDGE, C.J., P.J., LOWENSTEIN, and ULRICH, JJ.

ROBERT G. ULRICH, Judge.

The State of Missouri appeals the trial court's grant of summary judgment in favor of Manzoor Mahmud in its action for reimbursement under the Missouri Incarceration Reimbursement Act (MIRA), sections 217.825 through 217.841, RSMo Cum. Supp.1998. The State contends that the trial court erred in finding that Mr. Mahmud's assets were exempt from reimburse-

ment under section 513.430(10)(f), RSMo 1994, and in ordering it to pay the cost of the proceedings. The judgment of the trial court is reversed, and the case is remanded with directions.

Manzoor Mahmud was sentenced to the custody of the Missouri Department of Corrections for a term of five-years imprisonment on April 24, 1998, following his conviction for Driving While Intoxicated (Persistent). He was incarcerated at Farmington Correctional Center until his release in October 1998 when he was placed on probation by the sentencing court after successfully completing a 120–day program.

On July 16, 1998, the State filed a petition for incarceration reimbursement pursuant the Missouri Incarceration Reimbursement Act (MIRA), sections 217.825 through 217.841, RSMo Cum.Supp.1998, seeking $3559.64 of the $4113.26 in Mr. Mahmud's inmate account for the total cost of his care. Four thousand one dollar and eighty cents ($4001.80) in the account represented Mr. Mahmud's beneficiary share of his deceased mother's Individual Retirement Account (IRA) variable annuity. In response to the State's petition, Mr. Mahmud asserted that the funds sought by the State were exempt from attachment and execution pursuant to sections 513.430(10)(e) and (f), RSMo 1994. Thereafter, both parties filed motions for summary judgment.

The trial court granted Mr. Mahmud's motion for summary judgment on March 1, 1999. The court found that $4001.80 of the balance of Mr. Mahmud's prison account was exempt from attachment as IRA proceeds payable to a beneficiary pursuant to section 513.430(10)(f). The court then found that the remaining funds in the account, approximately $112, were "de minimus" and, therefore, not subject to MIRA. Finally, the court assessed the costs of the proceedings against the State. This appeal followed.

Appellate review of the grant of summary judgment is *de novo*. *ITT Commer-cial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.*

Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action, (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

Once the movant has established a right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rely on mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.*; *Reeves v. Keesler*, 921 S.W.2d 16, 19 (Mo.App. W.D.1996).

■ In its appeal, the State claims that the trial court erred in granting summary judgment in favor of Mr. Mahmud. It contends that the court erred in finding that Mr. Mahmud's assets were exempt

from reimbursement under section 513.430(10)(f).[1]

The MIRA provides that if a prisoner has sufficient assets to recover not less than ten percent of the estimated cost of care of the prisoner, the attorney general may seek to secure reimbursement for the expenses incurred by the State for the care of the prisoner. § 217.831.3, RSMo Cum.Supp.1998; *State ex rel. Nixon v. McClure,* 969 S.W.2d 801, 804 (Mo.App. W.D.1998). Not more than ninety percent of the value of the assets of the prisoner may be used for purposes of securing costs and reimbursement under the MIRA. § 217.833.1, RSMo Cum.Supp.1998; *McClure,* 969 S.W.2d at 804. "Assets" are defined under the MIRA as:

Property, tangible or intangible, real or personal, belonging to or due an offender or a former offender, including income or payments to such offender from Social Security, workers' compensation, veterans' compensation, pension benefits, previously earned salary or wages, bonuses, annuities, retirement benefits, or from any other source whatsoever.

§ 217.827(1)(a), RSMo Cum.Supp.1998. Under these provisions, the funds in Mr. Mahmud's prison account, including those he received as a beneficiary of his deceased mother's IRA, appeared to be subject to reimbursement.

■■ Mr. Mahmud, however, argued, and the trial court agreed, that $4001.80 of the balance of his prison account was exempt from attachment by the State as IRA proceeds payable to a beneficiary under section 513.430(10)(f). The provision provides, in pertinent part:

The following property shall be exempt from attachment and execution to the extent of any person's interest therein:

(10) Such person's right to receive:

(f) Any money or assets, payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under section ...408...of the Internal Revenue Code.

§ 513.430(10)(f), RSMo 1994. In construing the exemption statute, the primary rule is to ascertain the intent of the lawmakers by considering the plain and ordinary meaning of the words used in the statute. *American Healthcare Management, Inc. v. Director of Revenue,* 984 S.W.2d 496, 498 (Mo. banc 1999); *Badgley v. Missouri Dep't of Corrections,* 977 S.W.2d 272, 275 (Mo.App. W.D.1998). Absent a statutory definition, the plain and ordinary meaning of a word is derived from a dictionary. *Id.* The term "payable" is defined in Webster's Third New International Dictionary (1971) as "requiring to be paid." *Id.* By definition, the phrase "any money or assets, payable to a participant or beneficiary from...a retirement plan" does not encompass money that has previously been paid to, or placed in the possession of, a participant or beneficiary from an IRA. Had the Missouri General Assembly intended to protect from attachment money paid from an IRA it would have explicitly done so. Section 513.430(10)(f), therefore, does not apply to the funds in Mr. Mahmud's prison account that were paid to him as a beneficiary of his mother's IRA.[2]

Mr. Mahmud argues that it is the origin of the funds that make them exempt under section 513.430(10)(f). He cites two Western District cases, *State ex rel. Nixon v. McClure,* 969 S.W.2d 801 (Mo.App. W.D. 1998), and *Hatfield v. Cristopher,* 841 S.W.2d 761 (Mo.App. W.D.1992), for the proposition that "once legally exempt

---

1. The State also claims that the court erred in ordering it to pay the costs of the proceeding. The first point is dispositive, therefore, this issue is not addressed.

2. The term "interest" as used in section 513.430(10)(f), RSMo 1994, is defined as "right, title, or legal share in something." *Id.* Having already been paid his share of his mother's IRA, Mr. Mahmud no longer held a right, title, or legal share in the IRA.

funds are received they remain impressed with their exempt character." The anti-attachment provisions at issue in *McClure* and *Hatfield*, however, contained broader, more inclusive language than that in section 513.430(10)(f). In *McClure*, the federal exemption provision for civil service benefits, 5 U.S.C. § 8346(a)(1996), was analyzed. The statute provides, *"the money mentioned in this subchapter* is not...subject to execution, levy, attachment, garnishment, or other legal process." 5 U.S.C. § 8346(a)(1996) (emphasis added). At issue in *Hatfield* was the federal social security exemption, 42 U.S.C. § 407(a)(1991), which provides, *"none of the moneys paid or payable* ...under [the Social Security Act] shall be subject to execution, levy, attachment, garnishment, or other legal process." 42 U.S.C. § 407(a)(1991) (emphasis added). Unlike section 513.430(10)(f), the federal anti-attachment provisions at issue in *McClure* and *Hatfield* contain more extensive language that encompasses not only funds payable to a beneficiary but also funds that have been paid to and are in the possession and control of the intended beneficiary. Because section 513.430(10)(f) only protects from attachment and execution money *payable* to a beneficiary from an IRA, the funds in Mr. Mahmud's prison account that had been *paid* to him from his mother's IRA were not exempt under the statute. The State, therefore, was entitled to judgment as a matter of law, and the court erred in entering summary judgment in favor of Mr. Mahmud. The judgment of the trial court is reversed, and the case is remanded with directions to enter summary judgment in favor of the State of Missouri.

All concur.