**MONROE COUNTY NURSING HOME DISTRICT D/B/A Monroe Manor, Appellant,**

v.

**DEPARTMENT OF SOCIAL SERVICES, DIVISION OF MEDICAL SERVICES, Respondent.**

No. 64889.

Missouri Court of Appeals, Eastern District, Northern Division.

Aug. 2, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 19, 1994.

Application to Transfer Denied Oct. 25, 1994.

Harvey M. Tettlebaum, Jefferson City, for appellant.

Karolin Solorzano, Melanie Wilmes, Jefferson City, for respondent.

CRIST, Presiding Judge.

Monroe County Nursing Home District d/b/a Monroe Manor appeals from the decision of the Administrative Hearing Commission (AHC) finding in favor of the Missouri Department of Social Services. We affirm.

Monroe County Nursing Home District is licensed to operate Monroe Manor (Monroe) as an intermediate care facility. Monroe is also licensed to participate in the Missouri Medicaid program. In Missouri, the Department of Social Services' Division of Medical Services (DMS) is charged with administering the Medicaid program. DMS sets the per-diem reimbursement rates of nursing homes providing care to Medicaid eligible recipients. These per-diem rates are based on various factors and are periodically adjusted to account for changes in the provider's cost.

On April 1, 1991, the federal minimum wage was increased $.45, from $3.80 to $4.25. To help facilities meet the increased costs related to this minimum wage increase, DMS enacted 13 CSR 70-10.010(12)(A)1.C: which states:

> Minimum wage adjustment. All facilities with either an interim per-diem rate or a prospective per-diem rate in effect on July 1, 1991 per subsections (11)(A)–(C) shall be granted an increase to their per-diem of one dollar and six cents ($1.06) effective April 1, 1991 to allow for the April 1, 1991 change in minimum wage. This amount is two and one-tenth percent (2.1%) of the weighted average per-diem rate paid to all facilities on February 28, 1991.

Accordingly, DMS notified Monroe its per-diem rate would be increased by $1.06, from $42.89 to $43.95, effective April 1, 1991. On April 26, 1991, Monroe filed a complaint alleging DMS's decision to increase its per-diem reimbursement rate by only $1.06 to compensate for the increase in the minimum wage was incorrect because: (1) it failed to reimburse Monroe's reasonable costs as required under § 208.152.1, RSMo 1986; (2) it violated Article I, Section 10, of the Missouri Constitution and the Fifth and Fourteenth Amendments to the United States Constitution in that it took property from Monroe without just compensation; and (3) it violated the federal statutory requirements for determining Medicaid reimbursement rates.

Monroe acknowledged AHC had no power to declare the DMS's regulation invalid and asked the AHC to instead "adjust" the regulation to conform with the facts.

After a hearing, the AHC found it had jurisdiction to determine Monroe's rate claim under § 208.156.4 and § 621.055.1, RSMo 1986, because Monroe claimed it was aggrieved by the DMS's regulation. However, the AHC found:

> What Monroe asks us to do, by whatever name it may choose, is to amend Regulation 13 CSR 70–10.010. Section 536.010, RSMo 1986, expressly defines "rule" to include the amendment of an existing regulation. As a creation of the legislature, we have only such power as the statute gives us. The statutes give us regulatory power only to make procedural regulations under §§ 621.035 and 621.198, RSMo 1986, and 536.073 and 621.205, RSMo Supp.1991. Therefore, we cannot do what Monroe asks. As is our duty when a party challenges the constitutionality of a provision of law, we have made findings of fact on the record, but we make no conclusions of law as to its conformance to statutory requirements. (Citations omitted).

■ We review the AHC's decision to determine whether it is supported by competent and substantial evidence upon the whole record, is arbitrary, capricious or unreasonable, or is an abuse of discretion. *St. Joe Minerals v. State Tax Com'n,* 854 S.W.2d 526, 529[1] (Mo.App.1993).

In Point I, Monroe alleges the AHC erred in concluding it lacked jurisdiction to calculate a different rate increase to account for the increase in minimum wage because the AHC stands in DMS's shoes when making a decision and an agency rule cannot restrict the AHC's jurisdiction. In support of its position, Monroe relies on *Missouri DMS of Social Services v. Administrative Hearing Commission*, 826 S.W.2d 871 (Mo. App.1992). In this case, Hillhaven, Inc., filed complaints with AHC challenging the trend factor increase in the per-diem reimbursement rate claiming it failed to reimburse reasonable costs as required by § 208.152.1, was violative of both the Missouri and the United States Constitutions, and was violative of federal law. DMS moved to dismiss Hillhaven's petition for lack of subject matter jurisdiction. The AHC denied this motion and DMS filed a petition for prohibition with the circuit court. The circuit court issued a preliminary writ of prohibition, but the writ was later quashed upon a motion by AHC. DMS appealed from the order quashing the preliminary writ. The court of appeals affirmed finding the AHC was not wholly lacking in jurisdiction.

In so holding, the court stated the AHC can consider everything DMS considered in reviewing a challenge to the construction and application of a regulation. *Id.* at 874[5]. However, the court did not hold the AHC has jurisdiction to amend DMS's regulations in order to increase the per-diem reimbursements of certain care providers. Indeed, the court pointed out:

> Whether or not the AHC has the jurisdiction to consider all of the claims made by Hillhaven in its complaint, raised as points of error by DSS in this appeal, is not a proper subject for this review as this is a review of the quashing of a writ of prohibition, not a review of the merits of any AHC administrative decision concerning Hillhaven.

*Id.* at 874[6]. In its appeal to the AHC, Monroe did not challenge the DMS's construction or application of Regulation 13 CSR 70–10.010, which increased care provider's per-diem reimbursement rate by $1.06. Rather, it asked AHC to calculate an entirely different rate increase than the one outlined in Regulation 13 CSR 70–10.010. This would require the AHC to amend a rule DMS adopted pursuant to its rulemaking authority. Although the AHC steps into the shoes of the DMS when reviewing appeals from its decisions, AHC is only authorized to exercise the agency's adjudicative authority, not its rulemaking authority. *See, J.C. Nichols Co. v. Director of Revenue*, 796 S.W.2d 16, 20[7] (Mo. banc 1990). In exercising adjudicative authority, the AHC has no power to amend a properly enacted regulation or to require the DMS to amend the regulation. *See, Treme v. St. Louis County*, 609 S.W.2d 706, 710[1] (Mo.App.1980) (amending an enactment is a legislative, not judicial function). AHC also had no power to declare the regulation invalid, as regulations promulgated by an administrative agency have the force and effect of law. *Boot Heel Nursing Center, Inc. v. Missouri Department of Social Services, et al.*, 826 S.W.2d 14, 16[2] (Mo.App.1992); *See also, State Tax Com'n v. Administrative Hearing*, 641 S.W.2d 69, 75[14] (Mo. banc 1982) (the power to declare an administrative rule invalid is a *purely* judicial function and cannot be delegated to an administrative agency). AHC's power extends only to the " 'ascertainment of facts and the application of existing law thereto in order to resolve issues within the given area of agency expertise.' " *J.C. Nichols*, 796 S.W.2d at 20[7] *quoting State Tax Com'n*, 641 S.W.2d at 75[1]. Therefore, the AHC correctly found it had no jurisdiction to adjust Monroe's rate increase beyond the amount DMS provided for in 13 CSR 70–10.010(12)(A)1.C. Point denied.

In points two and three, Monroe challenges the sufficiency of the evidence to support AHC's finding it was only entitled to an increase of $1.06 because: (1) the evidence supported a rate increase of $2.23–$2.24 per patient day, and (2) the $1.06 increase was insufficient to account for the "ripple effect" caused by raising the salaries of minimum wage employees. Because we find the AHC had no authority to declare DMS's regulation invalid or to amend the regulation to allow for an increase of greater than $1.06 per patient day, Monroe's second and third points are without merit. However, Monroe

is free to pursue an action in circuit court to challenge the validity of the regulation.

Judgment affirmed.

CRANDALL and CRANE, JJ., concur.