**Jerry BADGLEY, Appellant,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS,**
**Respondent.**

**No. WD 55675.**

Missouri Court of Appeals,
Western District.

Aug. 4, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1998.

Jerry Badgley, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and SMART and EDWIN H. SMITH, JJ.

ULRICH, Chief Judge, Presiding Judge.

Jerry Badgley appeals from the circuit court's denial of a petition for declaratory judgment. Mr. Badgley raises five issues on appeal. He contends the circuit court erred by granting the Missouri Department of Corrections' ("Department") motion for summary judgment where (1) material issues of fact remain regarding whether he is entitled to release from the Department on his "good time credit" date; (2) the Department's denial of his release on his "good time credit" date violates the legislative intent of section 558.041, RSMo 1994; (3) the Department has a statutory obligation under section 558.041 to issue a policy that mandates release on a prisoner's "good time credit" date; (4) the Department has a statutory obligation under section 558.041 to release a prisoner upon recommendation by the institutional superintendent; and (5) section 558.041 mandates that good time credit awards be credited in terms of "days spent in confinement" rather than in terms of "administrative parole." The decision of the circuit court is affirmed.

## FACTS

Jerry Badgley was convicted of possession of a controlled substance following guilty plea and sentenced to four years imprisonment with the Missouri Department of Corrections on February 1, 1993. Pursuant to section 599.115, RSMo 1994, the court sentenced Mr. Badgley to 120 days of shock incarceration with the possibility of probation. Upon completing 120 days of incarceration on June 21, 1993, the court placed Mr. Badgley on probation.

While on probation for the controlled substance conviction, Mr. Badgley killed his fian-

ce. Mr. Badgley plead guilty to involuntary manslaughter and was sentenced to seven years imprisonment on June 4, 1996, to be served concurrently with the previously imposed four year sentence for possession of a controlled substance.

Mr. Badgley was approved for "good time credit" pursuant to section 558.041.1 on April 17, 1997, by Carl White, Superintendent of Algoa Correctional Center. On May 7, 1997, an institutional parole officer recommended that Mr. Badgley be released on his "good time credit" date. Based on these recommendations, the Missouri Board of Probation and Parole ("Board") considered Mr. Badgley for administrative parole on his "good time credit" date. The Board determined on May 29, 1997, that Mr. Badgley should not be released on administrative parole due to the seriousness of his offense.

Mr. Badgley filed a petition for declaratory judgment on July 10, 1997. In his petition, Mr. Badgley alleged that the seriousness of his offense was an improper basis for the Board's decision to deny him administrative parole on his "good time credit" date. Mr. Badgley and the Department filed cross motions for summary judgment. The circuit court granted the Department's motion for summary judgment on January 12, 1998. This appeal followed.

## MR. BADGLEY DOES NOT HAVE A STATUTORY RIGHT TO RELEASE ON HIS "GOOD TIME CREDIT" DATE

As his first and second points on appeal, Mr. Badgley argues that the circuit court erred by granting the Department's motion for summary judgment. Mr. Badgley argues that he had a statutory right to release on his "good time credit" date under section 558.041, RSMo 1994 and that the failure to grant his release violates both the language and the legislative intent of section 558.041.

Section 558.041 provides:

1. Any offender committed to the department of corrections, except those persons committed pursuant to subsection 6 of section 558.016, or subsection 3 of section 558.018, may receive additional credit in terms of days spent in confinement upon recommendation for such credit by the offender's institutional superintendent when the offender meets the requirements for such credit as provided in subsections 3 and 4 of this section. Good time credit may be rescinded by the director or his designee pursuant to the divisional policy issued pursuant to subsection 3 of this section.

2. Any credit extended to an offender shall only apply to the sentence which the offender is currently serving.

3. The director of the department of corrections shall issue a policy for awarding credit. The policy may reward an inmate who has served his sentence in an orderly and peaceable manner and has taken advantage of the rehabilitation programs available to him. Any violation of institutional rules or the laws of this state may result in the loss of all or a portion of any credit earned by the inmate pursuant to this section.

4. The department shall cause the policy to be published in the code of state regulations.

5. No rule or portion of a rule promulgated under the authority of this chapter shall become effective unless it has been promulgated pursuant to the provisions of section 536.024, RSMo.

§ 558.041, RSMo 1994.

Pursuant to section 558.041.3, the Department adopted 14 CSR 10–5.010 which provides, in relevant part:

PURPOSE: This procedure establishes the guidelines for the Department of Corrections to award time credit as authorized by section 558.041, RSMo (1986) to inmates who have served their sentences in an orderly and peaceful manner and are not specifically excluded by law. This procedure applies to all divisions of the Department of Corrections. . . .

(2) Procedure.

(A) Eligibility. Each inmate of the Department of Corrections sentenced under provisions of the new criminal code pursuant to section 556.031, RSMo may be eligible to receive time credit, except those listed under subsection (2)(B).

The credit shall be subtracted from the established conditional release date, creating a projected time credit date. Inmates demonstrating acceptable behavior and appropriate program involvement shall be eligible for consideration for administrative parole release on that date. This credit shall be calculated upon assignment to the division and shall be calculated at the rate of-

    1. One (1) calendar month for each year of the sentence for Class A or B offenders, and

    2. Two (2) calendar months for each year of the sentence for Class C or D offenders....

(D) One hundred eighty (180) days prior to the projected time credit release date the institution head shall forward for each eligible inmate a completed time credit eligibility form to the appropriate institutional parole officer supervisor or liason officer. The form shall include the institution head's recommendation to approve or deny time credit.

(E) The assigned institutional parole officer or liason shall prepare a prerelease report for each inmate recommended for time credit and forward the report with the corresponding recommendation, as well as all other time credit eligibility forms which contain a recommendation to deny time credit, to the chairman of the Board of Probation and Parole.

(F) One hundred twenty (120) days prior to the projected time credit release date, the institution head shall forward to the chairman of the Board of Probation and Parole names of inmates eligible for consideration for administrative parole. The institution head shall certify satisfactory conduct and program participation.....

14 CSR 10–5.010.

Once an inmate has been awarded "good time credit," pursuant to the procedures adopted by the Department under section 558.041.3, the Board considers the prisoner for administrative parole under 14 CSR 80–2.050. It provides:

PURPOSE: This rule allows for release of those individuals committed under the new criminal code for crimes committed on or after January 1, 1979 and who are recommended for credit release by the institution head.

(1) At the board's discretion, an administrative parole may be issued to all individuals eligible for conditional release..who have been recommended for credit release by the institution head. The credit release date is the conditional release date less the credit time granted ...

(2) In addition to the institutional record, the board may consider the seriousness of the offense, prior criminal record and mental competency in determining administrative parole eligibility.

14 CSR 80–2.050.

■ The cardinal rule of statutory construction is that the legislature's intent is determined from the language of the statute and that each and every word in a statute is read in its plain and ordinary meaning. *Brownstein v. Rhomberg–Haglin and Assoc., Inc.,* 824 S.W.2d 13, 15 (Mo. banc 1992); *Missouri Ethics Comm'n v. Wilson,* 957 S.W.2d 794, 799 (Mo.App.1997); *Wheeler v. Board of Police Comm'rs of Kansas City,* 918 S.W.2d 800, 803 (Mo.App.1996). Where a word used in a statute is not defined, the plain and ordinary meaning of the word is derived from a dictionary. *Moon Shadow, Inc. v. Director of Revenue,* 945 S.W.2d 436, 437 (Mo. banc 1997); *State v. Carson,* 941 S.W.2d 518, 521 (Mo. banc 1997); *Wilson,* 957 S.W.2d at 799.

■ Section 558.041 provides that an institution *"may* reward an inmate who has served his sentence in an orderly and peaceable manner and has taken advantage of the rehabilitation programs available to him." § 558.041, RSMo (emphasis added). Black's law dictionary defines "may" as "an auxilary verb qualifying the meaning of another verb by expressing ability, competency, liberty permission, possibility, probability or contigency." BLACK'S LAW DICTIONARY 979 (1990). Black's Law Dictionary further notes that "in construction of statutes ...'may' as opposed to 'shall' is indicative of discretion or choice

between two or more alternatives ..." *Id.* Utilizing the plain and ordinary meaning of "may," therefore, that the legislature vested discretionary authority in the Department to determine whether a prisoner was entitled to release on his "good time credit" date is evident. While the Department was required, pursuant to section 558.041.3, to enact regulatory mechanisms for administering "good time credit" dates, the Department complied with the legislative mandate of section 558.041 by enacting 14 CSR 10–5.010 and 14 CSR 80–2.050. Although the Department authorized the Board to consider numerous factors including the seriousness of the prisoner's crime when determining whether a prisoner should be released on administrative parole on his "good time credit" date, section 558.041 does not impose legislative limitations on the relevant factors to be considered in determining entitlement to administrative parole. The Board's decision to allow consideration by the Board of the seriousness of a prisoner's crime in its determination of entitlement to administrative parole was not, therefore, inconsistent with the language or legislative intent of section 558.041. The circuit court, therefore, did not err in granting the Department summary judgment. Points one and two are denied.

As his third, fourth and fifth points on appeal, Mr. Badgley argues that the trial court erred by granting summary judgment in favor of the Department where (1) the Department has a statutory obligation under section 558.041 to issue a policy that mandates release on a prisoner's "good time credit" date; (2) the Department has a statutory obligation under section 558.041 to release a prisoner upon recommendation by the institutional superintendent; and (3) section 558.041 mandates that good time credit awards be credited in terms of "days spent in confinement" rather than in terms of "administrative parole." Mr. Badgley, however, has failed to preserve these points for appellate review. An appellate court will not consider matters raised for the first time on appeal nor will it convict the circuit court of error on an issue that it was not accorded an opportunity to rule. *Taylor v. Goldammer,* 944 S.W.2d 216, 219 (Mo.App.1997). In his peti-

tion for declaratory judgment and injunctive relief, Mr. Badgley argued only that consideration by the Board of the seriousness of his offense was contrary to the language and legislative intent of section 558.041. Mr. Badgley did not argue the issues raised in his third, fourth and fifth points on appeal and, therefore, has preserved nothing for appellate review. Points three, four and five are denied.

The judgment of the circuit court is affirmed.

All concur.