Linda Raeann Cook MILLER,
Employee/Respondent,

v.

Master WANGS, Employer/Respondent,

American Family Mutual Ins.
Co., Insurer/Respondent,

and

Jay L. Milne, M.D., and Lester E. Cox
Medical Center, Healthcare
Providers/Appellants.

No. 24351.

Missouri Court of Appeals,
Southern District,
Division II.

March 28, 2002.

Steven E. Marsh and Jason N. Shaffer, of Springfield, MO, for appellants.

No brief filed by Respondents.

JAMES K. PREWITT, Judge.

Lester E. Cox Medical Center ("Cox") and Jay L. Milne, M.D. ("Milne") (collectively, "Providers") appeal from a decision of the Labor and Industrial Relations Commission ("Commission") awarding Linda Raeann Cook Miller ("Claimant") payment of past medical care and expenses and interest on those expenses and payment of permanent partial disability compensation, and denying Providers' request for direct payment of medical services provided Claimant.[1]

**Facts**

In 1994, Claimant was employed as a restaurant manager by Bob and Susan McArthur ("Employers"), owners of "Master Wangs" restaurant in Springfield, Missouri. Claimant was injured on July 7, 1994, when two stacked, five-gallon pickle buckets she was using as a chair collapsed and caused her to fall to the floor, hitting her arms and ribs. Claimant reportedly suffered "immediate and excruciating pain" in the area of her mid-back. She described the pain as a "sharp, stabbing pain with cramping." Claimant called the McArthurs following her injury, and Ms. McArthur advised Claimant to obtain immediate treatment at the emergency room of Cox Medical Center–North. A nurse and doctor at the hospital attended to her abrasions, back and elbow pain. In addition, a urinalysis was given and an IVP was obtained, which revealed that Claimant had a 12 millimeter calculus "stone" in the lower pole of the right kidney. Claimant was referred to an urologist for treatment of her kidney stone.

Jay L. Milne, M.D. was the urologist who provided Claimant subsequent treatment for her kidney stone. This treatment included an "extracoporeal shock wave lithotripsy of the right renal calculus" and a "second lithotripsy with stone fragmentation" which he performed at Cox Medical Center–South and additional outpatient treatment. Milne released Claimant from medical care on or about October 31, 1994, indicating that the stone was gone from her right kidney.

Claimant continues to experience pain and problems resulting from this injury, and has lost approximately sixty pounds. In addition, she has to drink an "excessive" amount of water to prevent her kid-

---

1. Only Appellants filed a brief in this matter. It could be that the other parties do not feel they would be affected by whatever decision this Court makes. That may depend on matters outside the record before us. Although there is no penalty for failure to file a brief, this Court must adjudicate Appellants' claims without the benefit of whatever argument, if any, one or more of the other parties could have made in response. *In re Estate of Klaas,* 8 S.W.3d 906, 908 (Mo.App.2000).

neys from having a fluid build-up, which causes a stabbing pain. She filed a claim with the Division of Workers' Compensation requesting compensation for her injury. Cox and Milne then filed a request with the Division for direct payment of the medical services provided Claimant, as they had not yet received any payment.

After a hearing, an Associate Administrative Law Judge ("ALJ") for the Division, L. Timothy Wilson, determined that Claimant's injury was compensable. He found the testimony of Michael Farrar, D.O., who performed an independent medical examination of Claimant, persuasive. Dr. Farrar opined that although Claimant suffered from the kidney stone prior to the injury, the fall caused the stone to dislodge, "causing an acute obstruction and symptomatic state." ALJ Wilson also determined that Claimant's employer provided Claimant with authorization to obtain the medical treatment she received at Cox and from Dr. Milne; however, Wilson found that "such authorization" does not entitle Cox or Dr. Milne "to a direct payment under Section 287.140, RSMo."

Wilson ordered Employer and Insurer to pay Claimant $6,454.37, "which represents payment of past medical care and expenses incurred by the claimant in the course of receiving medical treatment for her kidney stone," $9,333.20, "which represents payment of 40 weeks for permanent partial disability compensation," and prejudgment interest at 9 percent per annum on the medical expenses.

Employer/Insurer and Providers separately requested that the Labor and Industrial Relations Commission review the decision of the ALJ. The Commission affirmed the award and decision of the ALJ. Providers subsequently filed this appeal.

### Discussion

Providers raise one point on appeal. They claim that the Commission erred and abused its discretion in failing to enter an award and order in favor of them for payment for the medical services they rendered to Claimant because, "as a matter of law reviewable under § 287.495, pursuant to § 287.140.13," they were entitled to an award for the payment of their unpaid medical bills "in that the evidence showed, and the Commission otherwise determined, that the subject medical services were specifically authorized by the employer and/or insurer, that such authorization was provided in advance of and prior to rendering the services for which [they] requested payment, and such authorization was communicated and granted" to them by Claimant at the direction of the Insurer, by the delivery of a letter dated August 9, 1994 in accordance with the insurer's instructions, and by the insurer's failure to advise anyone that the subject treatment had not been authorized or that authorization had been withdrawn.

We note that Providers fail to restate their point at the beginning of their argument as required by Rule 84.04(e). The requirements of Rule 84.04(e) are mandatory; however, given the court's preference to decide cases on the merits, we will address Providers' point. *See State v. Anderson,* 37 S.W.3d 821, 822 (Mo.App. 2001) (noting that Rule 84.04's requirements, including the requirement that the points be restated in the argument, are mandatory); *Thummel v. King,* 570 S.W.2d 679, 690 (Mo.banc 1978) (noting that it is the policy of the court to decide cases on the merits when possible).

▉ Appellate review of a workers' compensation award is governed by § 287.495, RSMo 2000. Under that section, this Court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside

the award only if the Commission acted without or in excess of its powers, the award was procured by fraud, the facts found by the Commission do not support the award, or there was not sufficient competent evidence in the record to warrant the making of the award. § 287.495. This Court reviews the record in the light most favorable to the award to determine if there was sufficient competent and substantial evidence to support the Commission's decision and whether the decision, if supported by competent and substantial evidence, is against the overwhelming weight of the evidence. *Putnam–Heisler v. Columbia Foods,* 989 S.W.2d 257, 258 (Mo.App.1999). When the Commission affirms or adopts the findings of the workers' compensation ALJ, we review the decision and findings of the ALJ as adopted by the Commission. *Soos v. Mallinckrodt Chem. Co.,* 19 S.W.3d 683, 685 (Mo.App. 2000).

Questions of fact are to be determined by the Commission and this Court is not to substitute its judgment for the Commission's even if the evidence would support a contrary finding. *Thornton v. Haas Bakery,* 858 S.W.2d 831, 833 (Mo. App.1993). Likewise, we will not disturb the Commission's resolution of issues concerning the credibility of witnesses absent an abuse of discretion. *Williams v. De-Paul Health Ctr.,* 996 S.W.2d 619, 625 (Mo.App.1999). In contrast, this Court reviews decisions of the Commission that are interpretations or applications of law, rather than determinations of fact, for correctness without deference to the Commission's judgment. *Maxon v. Leggett & Platt,* 9 S.W.3d 725, 729 (Mo.App.2000).

Section 287.140.13(6), RSMo 1994 provides in part,

> A hospital, physician or other health care provider whose services have been authorized in advance by the employer or insurer may give notice to the division of any claim for fees or other charges for services provided for a work-related injury. . . . Where such notice has been filed, the administrative law judge may order direct payment from the proceeds of any settlement or award to the hospital, physician, or other health care provider for such fees as are determined by the division.

Whether the health care services provided were "authorized in advance by the employer" involves an application of law to the facts. The facts and reasonable inferences most favorable to the award are as follows: When Claimant was injured at work, she called her employer, who directed her to obtain immediate medical treatment at Cox Medical Center. The treatment at Cox revealed that Claimant had a kidney stone which necessitated treatment by a urologist. Claimant's employer encouraged her to receive the medical treatment by the urologist. When Claimant spoke to a representative of Insurer, she was advised that all medical bills related to the work injury would be paid. When Claimant asked the representative in a recorded interview whether the lithotripsy (surgery) would be paid by the insurer, the representative advised her that the care would be paid if it was in relation to the accident. The representative followed up the conversation with a letter dated August 9, 1994, requesting that Claimant forward any medical charges received at her home address to Insurer's office, and that she sign and date a Medical Authorization and return it and a list of medical providers and any medical bills she wished "to have considered" to Insurer. The letter noted that "[s]hould your authorized physician require verification of payment prior to treatment" to refer the physician to Insurer's office. Claimant showed this let-

ter to Providers each time she received treatment.

■ Application of section 287.140.13(6) to these facts turns on the meaning of the term "authorized." *See Curry v. Ozarks Elec. Corp.*, 39 S.W.3d 494, 496 (Mo.banc 2001). Because chapter 287 does not define "authorized," the Missouri Supreme Court in *Curry* looked to the plain and ordinary meaning of the word, as derived from the dictionary, noting that " '[a]uthorize' means 'to endorse, empower, justify, or permit by or as if by some recognized or proper authority (as custom, evidence, personal right, or regulating power).' " 39 S.W.3d at 496–97 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 146 (1986)).

In *Curry*, the court found that the employer had "authorized" the services the hospital provided the employee in advance because the employer spoke to an account clerk at the hospital and directed her to send "everything" to the insurer, with copies to employer. The court deemed such behavior "alone sufficient to establish that [employer] 'endorsed' or 'permitted' [hospital's] services," noting that "section 287.140.13(6) does not require an express promise to pay." *Id.* at 497. In *Thorsen v. Sachs Elec. Co.*, 52 S.W.3d 611 (Mo.App. 2001), in contrast, the employer expressly refused to authorize the treatment for which the hospital requested direct payment, and the court of appeals found that "the provisions of § 287.140 pertaining to requests for direct payment ... were not triggered." 52 S.W.3d at 624. That refusal apparently was communicated to the employee, not the provider. *Id.* at 615–16, 623–24.

Unlike the case in *Curry*, here, each authorization for medical treatment was made expressly by the employer or insurer to Claimant, not to the health care providers. Providers claim that because Employer and Insurer authorized Claimant to seek medical treatment, that the services they provided were "authorized" for the purposes of direct payment under section 287.140.13(6). We agree.

The Commission, adopting the ALJ's findings, found an authorization, but concluded:

> The authorization must be in advance and by the employer or insurer. The evidence presented in this case indicates that neither the employer nor the insurer provided the health care providers with authorization. Ms. Miller is not an agent of the employer or insurer, and cannot provide health care provider with such authorization. Cox Medical Center and Dr. Milne provided the medical care without obtaining in advance authorization from the employer and insurer.

The statute, however, does not require that the authorization be given to the health care provider. It allows for direct payment when the provider's "services have been authorized in advance by the employer or insurer." No where does it provide that the authorization must be given in advance to the health care provider. We conclude that requiring that the employer or insurer give authorization directly to the health care provider before there can be direct payment was a mis-statement of the law.

The fact that the services were authorized does not require the ALJ to order direct payment to the Providers, as the statute leaves that determination to the ALJ's discretion and, apparently, ultimately to the Commission. *See* § 287.140.13(6) (stating that "the administrative law judge *may* order direct payment from the proceeds of any settlement or award to the hospital, physician, or other health care provider") (emphasis added); *Badgley v. Mo. Dept. of Corr.*, 977 S.W.2d 272, 275–76

(Mo.App.1998) (noting that in statutory construction, the term "may" is used to indicate discretion); *Rodgers v. Richmond Memory Gardens, Inc.,* 896 S.W.2d 64, 66–67 (Mo.App.1995) (same).

However, in this situation, the ALJ and Commission did not exercise their discretion because of a misinterpretation of law. The ALJ and Commission determined that the medical services were necessary because of injuries received in the accident. As all of the conditions preceding the order of direct payment are present and the record reveals no reason not to do so, we conclude that it would have been an abuse of discretion not to order direct payment to Appellants. Accordingly, we reverse and remand with directions that the Commission enter an order providing for direct payment to Appellant Lester E. Cox Medical Center of $1,892.77, and to Appellant Dr. Milne of $4,488.00.

The order appealed from is reversed and the cause remanded to the Labor and Industrial Relations Commission to enter an order as set forth above.