**STATE of Missouri, ex rel. Jeremiah
W. (Jay) NIXON, Attorney General,
State of Missouri, Appellant,**

v.

**Zachary SMITH, Respondent.**

**No. WD 68476.**

Missouri Court of Appeals,
Western District.

Feb. 5, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 25, 2008.

Application for Transfer Denied
June 24, 2008.

Paul Harper, Jefferson City, MO, for Appellant.

Zachary Smith, Cameron, MO, pro se.

Before HOWARD, C.J., and HARDWICK and WELSH, JJ.

VICTOR C. HOWARD, Chief Judge.

The State of Missouri appeals a dismissal of its petition seeking compensation from inmate Zachary Smith under the Missouri Incarceration Reimbursement Act §§ 217.825–217.841 (MIRA).[1] Smith was incarcerated in 1996, released in 1998, and incarcerated a second time in 2000. In 2007, the State sought reimbursement for the cost of his confinement under

---

1. Unless stated otherwise, all statutory references are to RSMo 2000 and all references to rules are to Missouri Supreme Court Rules (2007).

MIRA. After initially holding that the State was entitled to MIRA reimbursement, the trial court granted Smith's motion for reconsideration and dismissed the State's petition with prejudice. We reverse that judgment.

## Facts and Background

After being convicted of first-degree murder and armed criminal action, Smith was sentenced and transferred to the custody of the Missouri Department of Corrections (DOC) on May 16, 1996. *State v. Smith,* 966 S.W.2d 1, 2 (Mo.App. W.D. 1998). On June 26, 1998, he was released from the DOC's jurisdiction after this court remanded his case for a new trial. *Id.* at 9. Smith was again incarcerated on June 26, 2000, and remains there while serving a term of life imprisonment without the possibility of probation or parole. *State v. Smith,* 90 S.W.3d 132, 137 (Mo. App. W.D.2002). On July 5, 2006, Smith inherited $9,410.20 from his father's estate.

On February 2, 2007, the State filed a petition against Smith for incarceration reimbursement under MIRA. It sought $112,198.58 in reimbursement, representing the cost of incarceration during 1996 and 1998 and from 2000 to the present. It sought an order for the reimbursement of Smith's "past, present, and future, per capita annual cost of care." On March 12, 2007, Smith filed his response. In April of that year, the trial court entered judgment against Smith. Smith then filed a motion for reconsideration arguing that the statute of limitations in section 217.831.4 and the general five-year statute of limitations in section 516.120 barred the State from seeking MIRA reimbursement. The trial court granted Smith's motion and dismissed the State's petition with prejudice. The judgment stated, "[t]he defendant's motion for reconsideration is hereby granted. Upon review of the documents filed by the parties, the Court finds that this action is barred by § 214.831.4, RSMo, and § 516.120, RSMo. The petition is dismissed with prejudice." The State now appeals.

## Standard of Review

■ Here, there is no dispute as to the essential facts, and we review a question of law only. The trial court's judgment dismissing the State's petition because the claim was time barred is a question of law which we review *de novo.* *Randolph v. Mo. Highways. & Transp. Comm'n,* 224 S.W.3d 615, 617 (Mo.App. W.D.2007). "In reviewing the dismissal of a claim, this court applies the same standard employed by the trial court." *D.A.N. Joint Venture, III v. Clark,* 218 S.W.3d 455, 458 (Mo.App. W.D.2006).

## Analysis

The trial court's judgment was in part correct and in part erroneous. Section 217.831.4 bars the State's MIRA action for Smith's first two years of incarceration but not his second, ongoing incarceration.[2]

■ MIRA provides that, "[t]he attorney general, or any prosecuting attorney on behalf of the attorney general, shall not bring an action pursuant to this section against an offender or former offender after the expiration of five years after his release from the jurisdiction of the [DOC]." § 217.831.4. Smith was released from the DOC's jurisdiction in 1998, and, hence, the State may not seek MIRA reimbursement for that initial incarceration;

**2.** Section 516.120 is immaterial to the current action because MIRA contains a specific time limit. "The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." § 516.300.

more than five years have elapsed since that release.[3]

Nevertheless, our review of the record reveals no reason why the court did not permit the State to seek reimbursement for Smith's current incarceration or reimbursement for future incarceration. The five-year statute of limitations contained in MIRA does not begin to run until the offender is released; MIRA actions are often brought while the offender is still incarcerated. *See State ex rel. Nixon v. Powell,* 167 S.W.3d 702, 704 (Mo. banc 2005); *State ex rel. Nixon v. Karpierz,* 105 S.W.3d 487, 488 (Mo. banc 2003); *State ex rel. Nixon v. McGee,* 213 S.W.3d 730, 731 (Mo.App. W.D.2007). Here, Smith is still under the jurisdiction of the DOC and so a MIRA reimbursement action for the cost of his current incarceration is appropriate.

The language of MIRA does not imply that five years after an offender is released from the jurisdiction of the DOC, the offender then becomes immune to all MIRA reimbursement actions for future incarcerations. For example, if an inmate serves a two-year sentence, is released, commits another crime ten years later, and is incarcerated a second time, the time limitation in MIRA does not bar the State from seeking reimbursement for the second incarceration, even though it has been "five years after his release from the jurisdiction of the [DOC]." *See* § 217.831.4. The legislature's use of the word "his" rather than the indefinite words "a" or "any" to describe which release from the DOC's jurisdiction implies that each incarceration should be afforded independent analysis. In our case, while more than five years have elapsed from *a* release from the DOC's jurisdiction, less than five years have elapsed from *the* release for the cur-

rent incarceration. Therefore, the trial court erred in holding that the statute of limitations in section 217.831.4 bars the current action in its entirety.

### Conclusion

The judgment is, therefore, reversed and remanded with directions to enter judgment in accordance with this opinion.

HARDWICK and WELSH, JJ., concur.

---

3. The State seems to admit as much, noting, "MIRA may bar the State from pursuing in-carceration reimbursement for the period ending June 26, 1998."